IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ERICA MENDEZ,                          )
                                       )
                Plaintiff,             )
                                       )
                                       )  Case No. CIV-19-194-JFH-KEW
                                       )
COMMISSIONER OF THE SOCIAL             )
SECURITY ADMINISTRATION,               )
                                       )
                Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Erica Mendez (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also, Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 39 years old at the time of the decision. She has a ninth-grade education and worked in the past as a custodian, housekeeper, laborer, peanut picker, and store clerk. Claimant alleges an inability to work beginning on September 28, 2009, due to limitations resulting from degenerative disc disease, status post lumbar fusion, morbid obesity, essential hypertension, headaches, obstructive sleep apnea, asthma, plantar fasciitis, fibromyalgia, failed back syndrome, metabolic syndrome, osteoarthritis, and arthralgias of the knees.

## Procedural History

On October 12, 2012, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42

3

U.S.C. § 401, *et seq.*) of the Social Security Act and supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 28, 2014, ALJ Larry D. Shepherd entered an unfavorable decision. Claimant appealed the matter, and the case was reversed and remanded by United States District Judge Ronald A. White for further proceedings on March 21, 2017. On June 30, 2017, the Appeals Council remanded the case pursuant to the district court's order.

ALJ Shepherd conducted administrative hearings in Oklahoma City, Oklahoma, on June 28, 2018, and again on November 29, 2018. Claimant appeared and testified at both administrative hearings. On February 25, 2019, the ALJ entered an unfavorable decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work, with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error by (1) failing to properly weigh the opinions of her treating physicians, including Hans Fichtenberg, M.D., Michael Wright, M.D., Hugh McClure, D.C., Michael Winzenread, M.D., and Vivek Khetpal, M.D.; (2) failing to properly consider her severe impairment of obesity in the RFC; and (3) improperly including a limitation for unskilled work in the RFC to account for her headaches.

## Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, status post lumbar fusion, morbid obesity, essential hypertension, headaches, obstructive sleep apnea, asthma, plantar fasciitis, fibromyalgia, failed back syndrome, metabolic syndrome, osteoarthritis, and arthralgias of the knees. (Tr. 878). Claimant could perform sedentary work with additional limitations. She could lift and carry ten pounds occasionally and less than ten pounds frequently, sit for about six hours during an eight-hour workday and stand and walk for at least two hours during an eight-hour workday. Claimant could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but she could not climb ladders, ropes, or scaffolds. She could occasionally reach overhead and frequently handle and finger. Claimant was to avoid concentrated exposure to

dusts, fumes, gases, odors, and poor ventilation. Because of her headaches, Claimant was limited to unskilled work. (Tr. 882).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of escort vehicle driver, stuffer, and document preparer, all of which he found existed in sufficient numbers in the national economy. (Tr. 894). As a result, the ALJ concluded Claimant was not under a disability from September 28, 2009, through the date of the decision. (Tr. 895).

Claimant contends the ALJ failed to properly weigh the opinions of several of her treating physicians, including opinions from Dr. Fichtenberg, Dr. Wright, Dr. McClure, Dr. Winzenread, and Dr. Khetpal. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). He must provide specific, legitimate reasons for rejecting any such opinion, and also must give consideration to several factors in weighing a medical opinion. *Id*. Moreover, "an ALJ must give good reasons for the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). "As long as the ALJ provides 'good reasons in his decision for the weight he gave

6

to the . . . opinion[], [n]othing more [is] required[.]'" *Mounts v. Astrue*, 479 F. App'x 860, 865 (10th Cir. 2012), quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Claimant first argues the ALJ failed to properly weigh Dr. Fichtenberg's opinion because his reasons for affording the opinion "little weight" and the inconsistencies pointed out by the ALJ are not supported by the record. The ALJ addressed the February 2014 physical medical source statement completed by Dr. Fichtenberg. Dr. Fichtenberg determined Claimant could sit upright for a total of two hours, stand for a total of two hours, and walk for a total of one hour in an eight-hour workday. Claimant could not work eight hours a day at any level. Claimant could not lift anything under ten pounds. She could use her hands for occasional action, such as simple grasping, pushing and pulling of arm controls, and fine manipulation. Claimant could use both her feet for the pushing of leg controls. She needed to elevate her legs every two hours. (Tr. 871, 891).

The ALJ afforded "only little weight" to the limitations assessed by Dr. Fichtenberg. He determined Dr. Fichtenberg's restrictive limitations were not consistent with his findings on the contemporaneous examination of Claimant or with Dr. Fichtenberg's other treatment records. The ALJ referenced findings from February 27, 2014, the date Dr. Fichtenberg completed the medical source statement, indicating Claimant weighed 306 pounds

with blood pressure of 110/68 and exhibited muscle spasm, muscle weakness, and lumbago. Dr. Fichtenberg also discussed his concern about Claimant's lack of physical activity, her need for weight loss, and her missing out on the opportunity to dress up, go to work, meet people, have a feeling of accomplishment, and have a reason to clean up, not sit at home being bored, and eating for entertainment. (Tr. 891, 1289-90).

The ALJ also referenced Claimant's examination with Dr. Fichtenberg from November 26, 2013, which was prior to her visit in February of 2014. At that time, Claimant had no complaints of arthralgias, no localized joint swelling, no motor disturbances, normal musculoskeletal system, no abnormalities in fingers, hands, wrists, or forearms, normal gait and stance, and normal reflexes. (Tr. 681-83, 891). The ALJ found such findings were inconsistent with Dr. Fichtenberg's opinion that Claimant needed to elevate her legs or her inability to sustain a full workday. He further found Dr. Fichtenberg's conclusion that Claimant could not lift anything under ten pounds was inconsistent with her reported daily activities and with his own determination that Claimant could use her hands occasionally for grasping, pushing, pulling, and fine manipulation. (Tr. 891).

This Court finds no error in the weight assigned by the ALJ to Dr. Fichtenberg's opinion. The ALJ relied upon Dr. Fichtenberg's contemporaneous examination of Claimant from the same date he

completed the medical source statement and his most recent prior examination of Claimant, both of which did not support the level of limitation he assessed on the medical source statement. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (noting opinion of treating physician may be reasonably discounted when not supported by his own treatment notes). Claimant faults the ALJ for not relying on other treatment notes from Dr. Fichtenberg when evaluating his opinion, citing to records of abnormal findings, yet the Commissioner cites to several of Dr. Fichtenberg's treatment records, which demonstrate normal or less severe findings. This Court cannot reweigh the evidence in such circumstances. *See Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (noting the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency"). The ALJ also discounted Dr. Fichtenberg's opinion because his finding that Claimant was unable to lift less than ten pounds was inconsistent with her testimony regarding daily activities. The ALJ referenced in the decision Claimant's report of daily activities, including preparing daily meals, doing light chores, folding laundry, shopping in stores using an electric cart for 90 minutes at a time, and driving her children to school. (Tr. 882-83). He also noted her testimony that she could take care of her personal needs, care for her children, and socialize with her mother. (Tr. 883). There is no error in this regard. *See Newbold*,

718 F.3d at 1265-66 (finding ALJ's discounting of treating physician's limitations was reasonable based on inconsistencies between the limitations and claimant's reported activities). The ALJ further noted the internal inconsistency in Dr. Fichtenberg's determination Claimant was unable to lift less than ten pounds but was able to use her hands occasionally for grasping, pushing, pulling, and fine manipulation. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("'Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence.'") (citation omitted).

Claimant also contends the ALJ improperly weighed the opinion from her treating orthopedic surgeon, Dr. Wright. She argues the ALJ's reasoning for giving the opinion "only some weight" was not supported by pertinent policies and guidelines and failed to conform to the analysis for evaluating medical opinions. She further asserts Dr. Wright's opinion that she could only occasionally bend was not accounted for by the ALJ in the RFC.

Dr. Wright examined Claimant related to her workers' compensation injury on several occasions between April of 2010 and October of 2011, and he performed surgery on her back in March of 2011. (Tr. 445-58, 461, 465-68). On October 14, 2011, he concluded Claimant had achieved "a point of maximum medical improvement from surgical intervention and post-operative rehabilitation." He released Claimant to work "with permanent restrictions of no

lifting more than 20 pounds, no pushing or pulling more than 20 pounds, occasional bending and stooping." (Tr. 445).

The ALJ discussed Dr. Wright's treatment records, rendered in relation to Claimant's workers' compensation claim, and his assignment of permanent restrictions to Claimant of no lifting, pushing, or pulling more than 20 pounds, and occasional bending and stooping. (Tr. 885, 890). He acknowledged the opinion was from a treating specialist, but he afforded the opinion only "some weight," because Dr. Wright "contemplated limitations relating only to the [C]laimant's work-related impairments and did not address complete functionality taking into account consideration [of] her entire medical profile." (Tr. 890).

This Court finds no error in the ALJ's weighing of Dr. Wright's opinion. The RFC accounts for the permanent restrictions assigned to Claimant by Dr. Wright. The ALJ limited Claimant to lifting and carrying ten pounds occasionally and less than ten pounds frequently and occasional stooping, kneeling, crouching, and crawling. The ALJ's RFC was more restrictive than the permanent restrictions imposed by Dr. Wright. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[I]f a medical opinion adverse to the claimant has properly been given substantial weight, the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit."); Soc. Sec. Rul. 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985) ("*Stooping, kneeling, crouching, and crawling*

11

are progressively more strenuous forms of bending parts of the body[.]") (emphasis in original).

Claimant next argues the ALJ improperly weighed the opinions of Claimant's chiropractor, Dr. McClure, and Dr. Winzenread. She asserts the ALJ was not only required to consider the opinions, but he was required to explain why they were not persuasive because they conflicted with the RFC.

Dr. McClure examined Claimant on two occasions, once in February of 2010 and again in January of 2011 in relation to her workers' compensation claim. In February of 2010, he concluded Claimant was temporarily totally disabled and in need of further medical care, could not return to her work duties at that time, and her ability to earn wages at the same level as before her injury was permanently impaired. (Tr. 340-44). In January of 2011, Dr. McClure reiterated that he believed Claimant was temporarily totally disabled and would remain that way "until she ha[d] reached maximum therapeutic benefit and ha[d] been released to return to work by her treating physician to her former employer in her former occupational capacity, or some other occupation fitting her impairments and/or disabilities." (Tr. 345-46).

Dr. Winzenread examined Claimant related to her workers' compensation claim in August of 2011. He concluded she had a 60 percent permanent impairment to the whole person, would continue to require medical therapy in the form of pain management and

possibly physical therapy, her "injuries have and will continue to result in permanent anatomical abnormality for a long or indefinite period of time," and her ability to earn wages at the same level prior to her injuries was permanently impaired. (Tr. 436-38).

The ALJ considered the opinions of Dr. McClure and Dr. Winzenread related to Claimant's workers' compensation claim in the decision. He referenced Dr. McClure's determination that Claimant remained temporarily totally disabled while participating in active medical care for her workplace injury. He also discussed Dr. Winzenread's opinion that Claimant had reached maximum medical improvement for her work-related injuries, had offered an opinion as to causation, and rated her permanent partial disability, concluding she would not earn wages at the same level prior to her injuries. He ultimately concluded that:

> These opinions were obtained for purposes of litigation upon the claimant's behalf in relation to her workers' compensation claim; they are given little weight or consideration as the standard of review for the Social Security Administration is not the same and are nonbinding upon these proceedings. They are acknowledged, but given little persuasive value, as invading the ultimate determination of disability, as an issue reserved to the Commissioner.

(Tr. 890).

There is no error with the ALJ's consideration of the opinions from Dr. McClure and Dr. Winzenread. He acknowledged both opinions and determined they were not entitled to any persuasive value because they addressed the determination of disability, which is

13

reserved to the Commissioner. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) ("Although another agency's determination of disability is not binding on the Social Security Administration . . ., it is evidence that the ALJ must consider and explain why he did not find it persuasive."); *Freeman v. Astrue*, 441 F. App'x 571, 574 (10th Cir. 2011) ("[T]he fact that two doctors, retained for workers'-compensation purposes, found Ms. Freeman to be totally temporarily disabled is not a conclusion binding on the ALJ. The determination of disability is solely the province of the [C]ommissioner."), citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1983), 20 C.F.R. §§ 404.1527(e), 416.927(e).

Claimant further argues the ALJ improperly weighed the opinion of Dr. Khetpal, Claimant's cardiologist. She asserts that even though it appears from the decision the ALJ adopted the majority of the limitations included by Dr. Khetpal on the medical source statement, the ALJ failed to account for certain limitations in the RFC, including limitations for her left hand and that she needed to elevate her legs every four hours. Moreover, Claimant contends there was no inconsistency between Dr. Khetpal's finding that she could sit five hours, stand two hours, and walk one hour in an eight-hour workday and his finding that she could not work an eight-hour day at any exertional level.

14

Dr. Khetpal completed a physical medical source statement regarding Claimant's ability to do work-related activities on April 12, 2018. He determined Claimant could sit for five hours, stand for two hours, and walk for one hour in an eight-hour workday. However, he checked "no" when answering the question whether Claimant could work an eight-hour workday at any level. Claimant was unable to lift under ten pounds and could not lift repetitively. When answering the question regarding Claimant's ability to handle objects, *i.e.*, use her hands for "occasional action," Dr. Khetpal only responded regarding Claimant's left hand, finding she could perform simple grasping, pushing and pulling of arm controls, and fine manipulation. He found Claimant could use both her feet for pushing of leg controls. She needed to elevate her legs every four hours. Dr. Khetpal commented that Claimant had weight problems and was unable to work. (Tr. 1291).

The ALJ discussed Dr. Khetpal's opinion in the decision. He concluded Dr. Khetpal's conclusion that Claimant could sit for five hours, stand for two hours, and walk for one hour in an eight-hour workday was internally inconsistent with his finding that Claimant could not work an eight-hour day at any level. He referenced Dr. Khetpal's limitation that Claimant could only lift under ten pounds and could use her hands for occasional grasping, pushing, pulling and fine manipulation, and her feet for the pushing of leg controls. He further mentioned Dr. Khetpal's

recommendation that Claimant elevate her legs every four hours, his confirmation that Claimant had a weight problem, and his conclusion that she was not able to work. With the exception of Dr. Khetpal's finding that Claimant was unable to work, the ALJ determined the opinion was "generally consistent with the sedentary exertional level of work," and Dr. Khetpal's findings were given "some weight." (Tr. 891).

Claimant is correct that the ALJ did not directly articulate reasons for why limitations related to her left hand and need to elevate her feet every four hours were not included in the RFC. However, a review of the ALJ's decision as a whole shows that any failure by the ALJ is harmless, as no reasonable factfinder could have resolved the matter in any other way. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (finding harmless error applicable only when "we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved [a] factual matter in any other way," or when "the missing fact was clearly established in the record").

Regarding Dr. Khetpal's opinion that Claimant needed to elevate her feet every four hours, the record is clear the ALJ gave no weight to the limitation. The ALJ previously discounted a similar restriction from Dr. Fichtenberg, one of Claimant's other treating physicians (Tr. 891), and from physician's assistant, Manuel Flores, P.A. (Tr. 890-91). *See Lately v. Colvin*, 560 F.

16

App'x 751, 754 (10th Cir. 2014) ("While it is true that when an ALJ fails to explain reasons for not crediting a medical source opinion we cannot meaningfully review the ALJ's determination, it is also true that the error here was harmless because we can tell from the ALJ's rejection of Dr. Magnuson's nearly identical opinion that the ALJ gave no weight to Dr. Rojas's opinion.").

Regarding Dr. Khetpal's limitation for Claimant's left hand, the form did not allow for Dr. Khetpal to rate the frequency with which Claimant could use her hands for simple grasping, pushing and pulling of arm controls, and fine manipulation, as the form specifically stated, "Claimant can use hands for occasional action such as . . ." (Tr. 1291). Moreover, Claimant points to no evidence suggesting support for a hand limitation, and the evidence in the record cited by the ALJ does not support a limitation. *See* Tr. 880, 881 (at step three, no findings "of a lack of gross and fine manipulation"); Tr. 887 (findings from the consultative examiner that Claimant "demonstrated normal fine and gross manipulation with full and equal grip strength in both hands"); Tr. 890 (findings that Claimant was "neurologically intact with non-focal, full motor strength in all extremities with intact sensation, and normal reflexes"); Tr. 891 (findings from one of Claimant's other treating physicians that she exhibited normal reflexes and no abnormalities in her fingers or hands). Thus, this Court finds that any error committed by the ALJ regrading his implicit denial

17

of Dr. Khetpal's limitations to Claimant's left hand and the need to elevate her feet is harmless and does not warrant remand of the case.

Further, the Court finds no error in the ALJ's determination that Dr. Khetpal's finding that Claimant could sit for five hours, stand for two hours, and walk for one hour in an eight-hour workday was internally inconsistent with his finding that Claimant cannot work an eight-hour day at any level.

## Consideration of Obesity

Claimant also contends the ALJ determined her obesity was a severe impairment, but he then ignored Social Security Ruling 02-01p and failed to include any functional limitations related to obesity in the RFC. Social Security Ruling 02-1p requires an ALJ consider that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 02-1p, 2000 WL 628049, *1 (Sept. 12, 2002). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id*. at *6. Thus, "assumptions about the severity or functional effects of obesity combined with other impairments [will not be made]." *Id*.

The ALJ did not ignore Claimant's obesity in his RFC assessment. He noted throughout the decision Claimant's history of

18

obesity and determined Claimant's obesity was a severe impairment.
He specifically referenced Social Security Ruling 02-1p, stating
he was required to consider the effects of Claimant's obesity when
determining her RFC. He noted the ruling's discussion that the
effects of obesity with other impairments could be greater than
the effects of each of the impairments considered separately. The
ALJ specifically stated in the decision that "[t]he effects of the
[C]laimant's obesity have been fully considered in determining a
residual functional capacity for the [C]laimant and in whether the
[C]laimant's condition meets or equals a listing." (Tr. 881-82,
884). In the discussion of Claimant's RFC, the ALJ concluded that
"the evidence of record in its entirety supports the finding that
the [C]laimant is able to perform a wide range of sedentary work
as described in the residual functional capacity above." (Tr. 893).

Moreover, Claimant has not cited any other evidence showing
other areas impacted by her obesity. *See Howard v. Barnhart*, 379
F.3d 945, 948 (10th Cir. 2004) ("Claimant does not discuss or cite
to medical evidence about other areas which were impacted by her
obesity."). Thus, the ALJ properly considered Claimant's obesity
with her other impairments in the RFC assessment.

### RFC Determination

Claimant asserts the ALJ's limitation in the RFC for unskilled
work because of her headaches is improper, and the case should be
remanded for the ALJ to include appropriate limitations in the RFC

assessment. The ALJ determined Claimant's headaches were a severe impairment (Tr. 878), but her headaches did "not meet the requirements for a listed neurological impairment." (Tr. 880). He determined Claimant's mental impairments caused only "mild" limitation and were therefore non-severe. (Tr. 878-79). The ALJ discussed Claimant's reports of headaches in his discussion of the evidence (Tr. 882-888), and ultimately included a limitation in the RFC to unskilled work. (Tr. 882).

Claimant relies on the case of *Saiz v. Colvin*, 2013 WL 5550229, at *2 (D. Colo., Oct. 8, 2013), wherein the claimant suffered from severe impairments of cognitive disorder and headaches, and the ALJ limited Claimant to "simple, unskilled work" in the RFC. *Id*. at *4. The court, focusing primarily on the mental limitations of the claimant, concluded that the limitation in the RFC to simple, unskilled work did not sufficiently "capture" the claimant's "functionally distinct mental limitations." *Id*. at *5 (internal citations and quotations omitted).

However, in *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), a case decided after *Saiz*, the court found no error when an ALJ found a claimant had a moderate limitation in mental functioning, *i.e.*, concentration, persistence, or pace, and included a limitation in the RFC to unskilled work. *Id*. at 1203-04 ("Unskilled work generally requires only the following: (1) '[u]nderstanding, remembering, and carrying out simple instructions'; (2) '[m]aking

20

judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions'; (3) '[r]esponding appropriately to supervision, co-workers and usual work situations'; and (4) '[d]ealing with changes in a routine work setting.'"), quoting Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *9 (July 2, 1996); *see also Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016)(relying on *Vigil* and noting that "an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity."). Thus, there is no error in the RFC, as the ALJ adequately accommodated the Claimant's headaches in the RFC by limiting her to unskilled work.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of September, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE